IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY REICHERT,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:24-cv-01865-JMC |
| **SARAH H. HORNBECK,** *et al.,* | | |
| | * | |
| *Defendants.* | | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION TO FILE SECOND AMENDED COMPLAINT (ECF NO. 41)**

Plaintiff, Jeffrey Reichert, filed the above-captioned case against Defendants Sarah Hornbeck, John Michel, Jr., and Brennan McCarthy on June 26, 2024. (ECF No. 1).[1] Plaintiff amended his complaint on October 21, 2024, alleging the following claims: (1) Negligence against Defendant Hornbeck; (2) Fraud against Defendant Hornbeck; (3) Tortious interference with custodial relations against all Defendants; and (4) Malicious prosecution against all Defendants. (ECF No. 17). Presently pending before this Court is Plaintiff's Motion for Extension of Time to File Second Amended Complaint. (ECF No. 41). The motion has been fully briefed, (ECF Nos. 43, 46, 48), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth immediately below, Plaintiff's Motion shall be GRANTED.

By way of pertinent background, on February 13, 2025, this Court granted Defendants' motions to dismiss without prejudice and permitted Plaintiff to file a Second Amended Complaint within twenty-eight days. (ECF No. 40). Particularly relevant to the present dispute is this Court's

---

[1] Plaintiff's original complaint additionally named Brennan McCarthy & Associates, Richard Hornbeck, Linda Hornbeck, Helen Laird, Griffin R. Patrick, and the Estate of David Brandeen as defendants. (ECF No. 1). They were not included in Plaintiff's Amended Complaint and have thus been terminated as parties in this matter.

dismissal of Plaintiff's malicious prosecution claims under Rule 12(b)(6) of the Federal Rules of

Civil Procedure:

> Plaintiff does not explain what the twenty-six criminal charges were or the circumstances that led to their commencement. He also fails to specify the roles of Defendants Michel and McCarthy in the charges beyond generally alleging that Defendant Michel "supported and encouraged the filing of false reports" and Defendant McCarthy "aided and abetted" Defendant Hornbeck's wrongful conduct. And, as Defendant McCarthy identifies, because Plaintiff does not state when the charges were dropped, it is not possible to determine whether Plaintiff's claims are barred by the applicable statute of limitations. Defendant McCarthy provided the criminal dockets for six cases brought against Plaintiff since July 2020, but these account for only twelve charges against Plaintiff. The facts alleged do not provide adequate notice to Defendants of the factual grounds relating to the criminal proceedings, as it is uncertain which criminal proceedings are the subject of the Plaintiff's claims or when they occurred. Under these circumstances, the Court finds that Plaintiff's allegations are overly threadbare and will dismiss the remaining negligence and malicious counts on those grounds.

*Id.* at 20-21 (internal citations omitted). [2]

   On March 13, 2025, Plaintiff moved for a 30-day extension of the deadline to file his

Second Amended Complaint under Rule 6(b)(1)(A). (ECF No. 41 at 1). Plaintiff explained that his

counsel contacted the law firm which represented him in the aforementioned criminal proceedings

on or about February 14, 2025, to request copies of Plaintiff's criminal case files so that he could

address the deficiencies identified in the Court's February 13, 2025 Memorandum Opinion. *Id.* at

2. Per a sworn declaration provided by a legal assistant employed by Plaintiff's former criminal

attorney, she shipped the original *and only* copies of Plaintiff's criminal case files via FedEx to

Plaintiff's counsel on February 27, 2025. (ECF No. 41-1 at 2-3). Plaintiff's counsel, however,

never received the records: although the FedEx tracking information shows that they were

delivered on March 3, 2025, and signed for by someone named "F. Lopez," the location of the

---

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

records remains unknown. (ECF No. 41-2 at 2). Plaintiff's counsel is not familiar with anyone

employed at his office building named "F. Lopez" and despite personally searching for the package

throughout his office building, contacting the office manager, and speaking with other tenants in

the building, he has been unable to locate the records. (ECF No. 41-3 at 2-3).[3] Plaintiff asks for

additional time to obtain copies of his files from the Anne Arundel County Police Department

and/or the Circuit Court for Anne Arundel County. (ECF No. 41 at 4).

All three Defendants oppose Plaintiff's motion. McCarthy contends that Plaintiff's motion

should be evaluated under the Rule 6(b)(1)(B) standard, applicable to extensions requested after

the expiration of a deadline, rather than Rule 6(b)(1)(A), which applies when parties seek an

extension before the relevant deadline passes. (ECF No. 43 at 3). Under Rule 6(b)(1)(A), a party

must demonstrate "good cause" for an extension, whereas Rule 6(b)(1)(B) involves the more

stringent "excusable neglect" standard. Fed. R. Civ. P. 6(b)(1); *Jahangiri v. Blinken*, No. DKC-

23-2722, 2024 WL 1656269, at *2 (D. Md. Apr. 17, 2024). McCarthy maintains that Plaintiff's

failure to obtain the records from his criminal case prior to filing his first Amended Complaint in

October 2024 is inexcusable and cannot be the basis for an extension now. (ECF No. 43 at 3).

McCarthy additionally asks that the Court take judicial notice of the criminal dockets attached to

his opposition,[4] arguing that each case falls outside the relevant statute of limitations period, and

that allowing Plaintiff's "overtly frivolous case to continue…would be a waste of the parties'

resources, as well as the resources" of the Court. *Id.* at 5-6.  Finally, McCarthy avers any extension

will be prejudicial because "the very existence of this case, brought by a vexatious litigant against

---

[3] Plaintiff's counsel attached a declaration to the Motion for an Extension attesting to these facts. (ECF No. 41-3).
[4] These dockets correspond to the case numbers referenced in the declaration provided by the legal assistant
employed by Plaintiff's former criminal attorney.

his former wife's family law attorney, is prejudicial not just to her counsel but also for the orderly operation of justice." *Id.* at 6.

Hornbeck and Michel jointly filed an opposition, arguing that Plaintiff cannot demonstrate either good cause or excusable neglect. (ECF No. 46 at 1). Like McCarthy, they contend that Plaintiff should have secured the criminal records before amending his complaint in October 2024, and further suggest that because the critical records only existed in physical form, Plaintiff should have personally retrieved them or used a courier, rather than relying on a "common carrier." *Id.* at 3. Finally, they argue that Plaintiff waited ten days from the time that the documents went missing on March 3, 2025, to file for an extension, and note that they did not have a reasonable opportunity to discuss the proposed extension with Plaintiff's counsel before the motion was filed. *Id.*[5]

The Court's Memorandum Opinion and Order granting Defendants' motions to dismiss was entered on the public docket on February 13, 2025, and directed Plaintiff to file his Second Amended Complaint within twenty-eight days. (ECF No. 40). The deadline was therefore March 13, 2025. Although Plaintiff filed his Motion for an Extension after the close of business on March 13, the Court will nonetheless apply the Rule 6(b)(1)(A) good cause standard. Having considered the parties arguments, the Court concludes that there is good cause to grant Plaintiff an extension. It appears that Plaintiff's counsel has diligently, and in good faith, attempted to obtain copies of his criminal records, which are critical to amending his complaint. *Compare Jahangiri*, 2024 WL 1656269, at *3 (finding good cause for extension of deadline to file motion to dismiss where counsel was awaiting information from the Department of State needed to file the motion). Since filing his motion, he has continued in his efforts to acquire the records, including most recently by

---

[5] Plaintiff's counsel represents that he called Defendants the morning of March 13, 2025, to discuss their positions on the extension. (ECF No. 41 at 3). The Court agrees that Plaintiff's counsel could have contacted Defendants sooner, but will not deny Plaintiff's motion on this basis.

contacting the Maryland Criminal Justice Information System ("MCJIS") on March 18, 2025, and scheduling the fingerprinting appointment which MCJIS directed him to arrange. (ECF No. 48 at 4). There is no evidence of bad faith, and the Court is not persuaded that Defendants will be prejudiced by the requested extension, as the arguments McCarthy sets forth regarding prejudice relate broadly to the litigation itself rather than the extension. 21 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2024) ("[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."). Finally, the Court declines to consider McCarthy's statutes of limitations arguments at this stage in the litigation. Such arguments may be raised in a Motion to Dismiss, if appropriate.

Accordingly, it is this 31st day of March, 2025, ORDERED that Plaintiff's Motion for an Extension to File a Second Amended Complaint (ECF No. 41) is GRANTED. The deadline for Plaintiff to file a Second Amended Complaint shall be April 14, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C). In the event that Plaintiff requires additional time to secure the criminal records such that a further extension becomes necessary, Plaintiff should confer with Defendants at least three days in advance of the deadline to determine whether they consent to an extension before filing a motion.

SO ORDERED.

Dated: March 31, 2025

                                         /s/
                                  J. Mark Coulson
                                  United States Magistrate Judge