IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY REICHERT,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:24-cv-01865-JMC |
| **SARAH H. HORNBECK,** | | |
| | * | |
| *Defendant.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER ADDRESSING THE PARTIES' SUBMISSIONS REGARDING PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Jeffrey Reichert, filed the instant case on June 26, 2024, and amended his complaint on October 21, 2024. (ECF Nos. 1 & 17). Reichert's Amended Complaint named Sarah Hornbeck, John Michel, Jr., and Brennan McCarthy as Defendants,[1] and set forth the following claims: (1) Negligence against Defendant Hornbeck; (2) Fraud against Defendant Hornbeck; (3) Tortious interference with custodial relations against all Defendants; and (4) Malicious prosecution against all Defendants. (ECF No. 17). On February 13, 2025, this Court granted Defendants' Motions to Dismiss without prejudice and with leave to amend, giving Plaintiff twenty-eight (28) days from the date of the order to file a Second Amended Complaint. (ECF No. 40).

On March 13, 2025, the day that Plaintiff's Second Amended Complaint was due, Plaintiff moved for an extension on the basis that his counsel needed additional time to obtain copies of Plaintiff's criminal records, which were purportedly required to address the deficiencies identified in Plaintiff's first Amended Complaint. (ECF No. 41). The Court granted Plaintiff's motion and

---

[1] Plaintiff's original complaint additionally named Brennan McCarthy & Associates, Richard Hornbeck, Linda Hornbeck, Helen Laird, Griffin R. Patrick, and the Estate of David Brandeen as defendants. (ECF No. 1). They were not included in Plaintiff's Amended Complaint and have thus been terminated as parties in this matter.

directed Plaintiff to file his Second Amended Complaint by April 14, 2025. (ECF No. 49). In doing so, the undersigned specifically noted that if Plaintiff required additional time to secure the criminal records such that a further extension was necessary, he should confer with Defendants at least three days in advance of the deadline to determine whether they consented to an extension. *Id.* at 5. The Court included this direction because Plaintiff's counsel indicated he had contacted all three defendants regarding the initial extension on the same date he filed his motion, but was unable to reach them. (ECF No. 41 at 3).

Two weeks after the April 14, 2025 deadline, when Plaintiff still had not yet filed his Second Amended Complaint, the Court issued a paperless order directing Plaintiff to submit a status report explaining why the pleading had not been filed. (ECF No. 50). Plaintiff's response was due on May 1, 2025, and Defendants were permitted to reply to Plaintiff's filing by May 6, 2025. *Id.* Plaintiff submitted a status report on May 1, 2025, and simultaneously filed his Second Amended Complaint. (ECF Nos. 51, 52). The following day Plaintiff filed a red-lined copy of the Second Amended Complaint. (ECF No. 53).

Plaintiff's counsel represents that he is responsible for the belated filing because he "mistakenly calendared the deadline for Plaintiff's Second Amended Complaint as April 30, 2025—i.e., 30 days from the date of the Court's Order as opposed to 30 days from the date of Plaintiff's Motion for Extension, as Plaintiff requested." (ECF No. 51 at 2). While mindful that mistakes of this nature certainly occur, the Court notes that Plaintiff himself requested a deadline of April 12, 2025, in his original motion for an extension. (ECF No. 41 at 3). Further, Plaintiff ultimately filed his complaint one day *after* the April 30, 2025 deadline he now contends he

believed to be operative. Defendants[2] ask that the Court reject Plaintiff's Second Amended Complaint as untimely, and additionally argue that Plaintiff's claims should be barred by Maryland's statute of limitations as they do not relate back to the original complaint. (ECF No. 54).[3]

Notwithstanding Plaintiff's untimeliness, the Court will accept Plaintiff's Second Amended Complaint. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) (recognizing the Fourth Circuit's "strong policy that cases be decided on the merits.") (citations omitted). As for the potential limitations issues raised in Defendants' filing, the undersigned is reluctant to consider such substantive arguments without the benefit of full briefing from both sides. Ms. Hornbeck, as the sole remaining Defendant in this action, may of course raise similar arguments, or any other challenges in a motion to dismiss should she choose to.[4]

Given Ms. Hornbeck's *pro se* status and the uncertainty of whether Plaintiff's Second Amended Complaint would be accepted by the Court, an extension to respond is warranted. Ms. Hornbeck's response to the Second Amended Complaint shall be due on or before June 9, 2025.

Dated: May 7, 2025

                                             /s/
J. Mark Coulson
United States Magistrate Judge

---

[2] The response was filed solely by Defendant McCarthy, but he indicates that Defendants Hornbeck and Michel authorized him to stay that they join in his submission. (ECF No. 54 at 6).

[3] Defendants additionally contend that the Court does not have diversity jurisdiction over this matter as alleged in the Second Amended Complaint because Plaintiff does not seek damages over $75,000. (ECF No. 42 at 6). However, Plaintiff does seek damages exceeding $75,000 stemming from "significant financial losses as a result of Defendant Hornbeck's conduct, including but not limited to attorney fees, court costs, and other expenses[.]" (ECF No. 52 at 2, 11).

[4] The Clerk of the Court terminated Defendants McCarthy and Brennan from the action when the Second Amended Complaint was filed, but it appears that Mr. McCarthy, who is an attorney, has mistakenly been designated as counsel for Ms. Hornbeck. The Court will ask the Clerk's office to correct this designation. Mr. McCarthy may of course enter an appearance on behalf of Ms. Hornbeck should they agree that he will represent her in this action, but unless that is the case, Mr. McCarthy may not submit filings in this matter.