IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEFFREY W. REICHERT,** | * |
| *Plaintiff,* | * |
| v. | *   Civil Case No: 1:24-cv-01865-JMC |
| **SARAH HORNBECK,** | * |
| *Defendant.* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Plaintiff initiated the above-captioned malicious prosecution case against Defendant on June 26, 2024. (ECF No. 1). Presently before the Court are two motions: Plaintiff's Motion for Accommodations under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504") (ECF No. 70) and Plaintiff's Motion for Extension of Time to Complete Discovery (ECF No. 71). Defendant opposes both motions (ECF No. 72). The Motions are fully briefed (ECF Nos. 70, 71) and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, Plaintiff's Motion for Accommodations is GRANTED in part and DENIED in part; Plaintiff's Motion for Extension of Time to Complete Discovery is GRANTED.

**I.   BACKGROUND**

The instant case largely arises from state court proceedings involving the parties' minor son, G.R. (ECF No. 52 at 2).[1] Plaintiff and Defendant were married on January 31, 2009, and divorced on October 9, 2011. *Id.* at 3. Following their divorce, a series of complex legal disputes arose regarding the custody of their son, who was nine months old at the time. *Id.* Relevant to the present motions, Plaintiff alleges that Defendant filed applications for a statement of charges based on false accusations in order to obtain custody of G.R. *Id.* at 10. "Defendant Hornbeck's actions

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

led to the State of Maryland bringing at least twenty-six criminal charges against Plaintiff. All charges brought against Plaintiff were either dropped or dismissed, leading to the termination of the proceedings in his favor." *Id.* Plaintiff "spent a total of 11 days in jail in 2020" as a result of these alleged statements. *Id.* at 11.

After initiating the present suit, Plaintiff filed an Amended Complaint on October 21, 2024. (ECF No. 17). Defendant filed a motion to dismiss on November 20, 2024, which the Court granted without prejudice and with leave to amend on February 13, 2025. (ECF Nos. 34, 40). Thereafter, Plaintiff filed a Second Amended Complaint on May 1, 2025. (ECF No. 52). Defendant filed a second motion to dismiss on June 8, 2025 (ECF No. 57), which the Court denied on July 23, 2025. (ECF No. 60). Defendant answered the Second Amended Complaint on August 5, 2025. (ECF No. 61). Then, the Court issued a Proposed Scheduling Order, setting a discovery deadline for December 15, 2025. (ECF No. 62). On December 15, 2025, the parties filed a Joint Status Report in which Defendant indicated she objects to both motions. (ECF No. 72). Defendant did not file a memorandum in support of her position as to either. *See id.*

II.  **ANALYSIS**

   A.  **Plaintiff's Request for Accommodations is Granted as to Discovery and Pretrial Matters (including depositions, hearings and conferences with the Court) but is Denied as to Trial Testimony.**

Plaintiff makes the unique request for an order permitting Plaintiff to appear by way of videoconference or teleconference for "all depositions, hearings, conferences, and other proceedings in this matter" pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). (ECF No. 70 at 1). In support of this request, Plaintiff argues that as a veteran

diagnosed with post-traumatic stress disorder ("PTSD"),[2] "in person appearances would significantly deteriorate Plaintiff's mental health and impede his ability to participate effectively." *Id.* at 2. Plaintiff continues, "[r]emote appearance is a reasonable modification that imposes no undue burden on the Court or parties." *Id.* Plaintiff also notes he "resides approximately 5 to 6 hours away from the Baltimore courthouse, in Chesapeake, Virginia, adding physical and logistical burdens that compound his disability-related challenges." *Id.* at 3.

Plaintiff has presented evidence that he carries a diagnosis of Post-Traumatic Stress Disorder as well as other anxiety and stress-related diagnoses, and evidence, at least in summary fashion, that appearing in person for matters related to legal proceedings may exacerbate some of those conditions. (ECF Nos. 70-1 & 70-2). As to discovery and pretrial matters, many of which are routinely conducted by remote means even in the absence of such diagnoses, and in the absence of any specifically articulated objection by Defendant, the Court will grant Plaintiff's request such that he may participate in discovery matters either by video conference platform (such as Zoom or Teams) or by telephone conference at Plaintiff's election.[3] For pretrial matters requiring Plaintiff's participation, the Court will conduct same either by videoconference or telephonically at the Court's discretion.

Plaintiff's request to be excused from in-person attendance at trial however requires more discussion. Plaintiff seemingly relies on two separate arguments under Federal Rule of Civil Procedure 43(a). To begin, Fed. R. Civ. P. 43(a) indicates:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the

---

[2] It is not clear from the information Plaintiff presents that his PTSD diagnosis is related to his military service or, instead, stems from the ongoing custody dispute and/or other events or stressors in his life.

[3] To the extent that Defendant wishes to take Plaintiff's deposition by video-conference rather than telephonically, Plaintiff shall accommodate that request. Otherwise, to the extent Plaintiff's election results in any increase in cost, such costs are to be borne by Plaintiff.

> Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).

Plaintiff first seemingly argues that Section 504 qualifies as a "federal statute" under Rule 43(a) and that "[d]enying this [request] would violate Section 504 by excluding Plaintiff from meaningful participation." (ECF No. 70 at 4). Second, Plaintiff avers that his disability establishes "good cause in compelling circumstances" such that an order permitting remote appearance in all proceedings is a reasonable accommodation. *Id.* The Court will address those in reverse order.

1. Compelling Circumstances

Plaintiff relies on a Seventh Circuit case, *Thornton v. Snyder,* in support of the proposition that his diagnosis of PTSD establishes "good cause in compelling circumstances" to permit electronic appearance during all proceedings, hearings, and appearances. *See* (ECF No. 70 at 4) (citing *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005)). In *Thornton*, a plaintiff argued the district court abused its discretion when it conducted a jury trial involving several civil rights claims by videoconference and did not allow him to be physically present in the courtroom due to security concerns and risk of escape. *Thornton*, 428 F.3d at 697.[4] That is, unlike the present case where Plaintiff seeks remote attendance, the plaintiff in *Thornton* argued that ordering remote attendance was an abuse of discretion by the trial judge and a poor substitute for attendance in person. As such, the issue in *Thornton* was not whether a plaintiff's stress-related disability and travel requirements resulting from his choice of forum constituted good cause in compelling circumstances to permit remote appearance. *See id.* Rather, the issue was whether a plaintiff in a prisoner rights case has a constitutional right to in-person attendance at his jury trial. *Id.*

---

[4] All other witnesses also appeared either by video or telephone.

4

Additionally, contrary to Plaintiff's assertion that "[r]emote appearance…imposes no undue burden on the Court or parties," the *Thornton* court recognized "[v]ideoconference proceedings have their shortcomings" before upholding the district court's decision. *Id.* The court there reasoned that "[V]irtual reality is rarely a substitute for actual presence and even in an age of advancing technology watching an event on the screen remains less than the complete equivalent of actually attending it." *Id.* (citing *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001) (alterations in original)). The *Thornton* court cited the Advisory Committee's 1996 Amendment to Rule 43, which states in part:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

Fed. R. Civ. P. 43(a) Advisory Committee's note to 1996 amendment.

To that end, the Seventh Circuit concluded that the district court did not abuse its discretion in finding good cause to conduct the trial by video conference because there was sworn testimony indicating (1) the plaintiff was an "extremely high escape risk," (2) had a "moderate aggression level," and (3) under those circumstances, at least two officers including a lieutenant would need to escort him to a court 120 miles away. *Thornton*, 428 F.3d at 698.

By contrast, in *Williams v. City of Brockton*, a Massachusetts case, a plaintiff requested that one of his witnesses who suffered from relevant PTSD and lived in Baltimore be allowed to testify remotely under Rule 43(a). *Williams v. City of Brockton*, CIVIL ACTION NO. 12-10430-JGD, 2014 WL 12914391, at *2 (D. Mass. Nov. 24, 2024). The witness indicated he was "unwilling to incur the cost of traveling to Boston, or the emotional toll of reliving his past experiences with the

defendants." *Id.* The court there found that the plaintiff did not establish good cause or compelling circumstances to allow remote testimony. *Id.* The court reasoned that the plaintiff "has not shown [the witness's] circumstances were unexpected, and that he could not have foreseen [his] reluctance to testify at trial." *Id.* Indeed, the record showed that the witness was diagnosed with the work-related PTSD four years before the commencement of the case, and the plaintiff failed to explain "why [the witness's PTSD] would interfere with his ability to testify in person, but not preclude him from testifying by way of videoconferencing." *Id.* Thus, the court concluded the evidence was sufficient only to show "it would be inconvenient for [the witness] to attend trial." *Id.* (citing *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971-MCE-KJN, 2012 WL 3704922, at *2 (E.D. Cal. Aug. 24, 2012)).

As the Advisory Committee's notes to Rule 43(a) and the above-cited cases make clear, the Court must not only consider Plaintiff's interest, but also the interests of the justice system that Plaintiff has voluntarily invoked in filing his lawsuit. Those interests include the factfinder's ability to fully evaluate Plaintiff's testimony, the Defendant's ability to confront and cross examine, and the Court's ability to assure the integrity of the proceedings. Additionally, the Plaintiff himself may well underestimate the challenges of trying to present remote testimony including his ability to see the entire courtroom, evaluate exhibits and communicate with counsel. Finally, this courthouse personnel have verified to the undersigned the technical and logistical challenges of trying to accommodate a remote plaintiff's participation by continuous or near-continuous video feed in a reliable way.

Under these facts, the Court cannot find good cause and compelling circumstances under Rule 43(a) to permit Plaintiff's remote participation in his trial.

    2.    Section 504

Plaintiff correctly argues that Section 504 of the Rehabilitation Act requires reasonable accommodations such that individuals with disabilities may have meaningful access to courts. Plaintiff relies on *Seremeth v. Board of County Commissioners Frederick County*, 673 F.3d 333, 340 (4th Cir. 2012) and *Tennessee v. Lane*, 541 U.S. 509, 531-32 (2004) in support of the proposition that "reasonableness assessments [are] based on circumstances." (ECF No. 70 at 4) *Seremeth* involved a family of deaf people who called the police to resolve a domestic dispute, and despite knowing the entire family was deaf, police refused to permit the plaintiff to communicate through accommodated means like auxiliary aids or writing. *Seremeth*, 673 F.3d at 335-36. In *Lane*, the Supreme Court emphasized the importance of meaningful access to courts when a paraplegic plaintiff was compelled to answer a set of criminal charges on the second floor of a county courthouse with no elevator and the plaintiff "crawled up two flights of stairs to get to the courtroom." *Lane*, 541 U.S. at 513. When the plaintiff "refused to crawl again or to be carried by officers to the courtroom; he consequently was arrested and jailed for failure to appear." *Id.* at 514. The *Lane* Court noted several examples of meaningful access to courts:

> Our cases have recognized a number of affirmative obligations that flow from this principle: the duty to waive filing fees in certain family-law and criminal cases, the duty to provide transcripts to criminal defendants seeking review of their convictions, and the duty to provide counsel to certain criminal defendants. Each of these cases makes clear that ordinary considerations of cost and convenience alone cannot justify a State's failure to provide individuals with a meaningful right of access to the courts.
>
> *Id.* at 532-33.

Thus, the failure to provide an elevator so the plaintiff in *Lane* could attend his own criminal proceedings deprived him of meaningful access to courts. *See id.*

Neither *Seremeth* nor *Lane* provide factually analogous settings. The Court accepts for purposes of its decision-making here that Plaintiff is a qualified individual, however, as Plaintiff himself has argued, the reasonableness of any accommodation is based on the factual

7

circumstances. Here, those circumstances include the concerns addressed by Rule 43(a) as well as the technical and logistical challenges that limit the Court's ability to grant the full accommodation sought here.

That said, the Court notes that there is no requirement that a civil plaintiff attend all of his or her trial, except when compelled to be present as a witness called by the Defendant. The Court also has a public access telephone line that would provide a reasonable accommodation to allow Plaintiff to follow the proceedings from a remote location for any days for which Plaintiff otherwise choose not to be present. But to the extent Plaintiff (or Defendant) wants to present his own testimony, he will be required to attend that portion of the trial in person.

### B. There Exists Good Cause to Extend the Scheduling Order by Forty-Five Days.

On December 4, 2025, Plaintiff filed a contested motion for extension of time to complete discovery in which he requests a sixty-day extension to the scheduling order. (ECF No. 71). On December 15, 2025, Defendant filed a status report indicating that she objects to the extension. (ECF No. 72). District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir.1986). A party must demonstrate good cause to amend the scheduling order under Federal Rule of Civil Procedure 16. Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) ("[A] party must first demonstrate good cause to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.") (internal quotations omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause

8

standard." *Id.* "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012).

Plaintiff represents that "depositions of key fact witnesses—including Defendant Hornbeck, Plaintiff Reichert, and third-party witnesses central to the claims of false statements, wrongful arrests, and emotional distress—remain outstanding." (ECF No. 70 at 3). Review of Plaintiff's Motion shows the parties have made some effort to find dates upon which to conduct these depositions but have been unable to do so. *Id.* at 4. As Defendant filed a Motion for Summary judgment on January 11, 2026, it is clear that a considerable amount of discovery has been exchanged. *See* (ECF No. 75). Recognizing that there has been a good faith effort to engage in discovery, there are no notable indications of a lack of diligence. *Rassoull*, 209 F.R.D. at 374. Indeed, as Defendant has not filed a memorandum in support of her objection, Defendant does not point to any prejudice she may suffer should the Court extend the discovery schedule. The Court further recognizes that this Opinion and Order will be published over a month after Plaintiff's initial motions.[5] Therefore, considering the elapsed time since Plaintiff's initial filing and the lack of prejudice to either party, the Court finds good cause to extend the scheduling order by forty-five days from the date of this Opinion and Order.

### III. CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Reasonable Accommodations (ECF No. 70) is GRANTED in part and DENIED in part such that Plaintiff may appear remotely for any proceedings except a jury trial in which he provides live testimony. The

---

[5] This delay was, in part, to allow the parties to participate in a mediation on January 13, 2026.

Motion to Amend the Scheduling Order (ECF No. 71) is GRANTED, and the discovery schedule shall be extended by forty-five days.

SO ORDERED.

Dated: <u>January 13, 2026</u>　　　　　　　　　　　　<u>　　　　　/s/　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　J. Mark Coulson
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge