IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEFFREY W. REICHERT,** | * |
| *Plaintiff*, | * |
| v. | *   Civil Case No: 1:24-cv-01865-JMC |
| **SARAH HORNBECK,** | * |
| *Defendant.* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION AND ORDER

Plaintiff initiated the above-captioned malicious prosecution case against Defendant on June 26, 2024. (ECF No. 1). Presently before the Court is Plaintiff's Motion Pursuant to Rule 56(d) (the "Motion") (ECF No. 83), as it relates to the pending Motion for Summary Judgment (ECF No. 75). The Motion is fully briefed (ECF Nos. 83, 84) and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, Plaintiff's Motion (ECF NO. 83) is GRANTED in part and DENIED in part.

**I.  BACKGROUND**

The instant malicious prosecution litigation is one of many claims arising from the parties' circuit court divorce and child custody proceedings. On January 11, 2026, Defendant filed a motion for summary judgment. (ECF No. 74). Attached thereto is Defendant's five-page affidavit. (ECF No. 75-1). Thereafter, the parties filed two status reports regarding a scheduling dispute related to Defendant's deposition. (ECF Nos. 78, 79). The Court directed the parties to confer regarding dates during the week of February 8, 2026 (ECF No. 81), which resulted in a standstill.

Plaintiff asks the Court to either deny or defer ruling on Defendant's motion for summary judgment until Plaintiff has taken Defendant's deposition under Fed. R. Civ. P. 56(d). (ECF No. 83). In response, Defendant elaborates upon the recent scheduling challenges and further requests

1

that instead, the Court grant an extension of time for Plaintiff to respond to Defendant's motion for summary judgment to fourteen days after February 27, 2026, when she is available to be deposed, an order that her deposition shall be remote, and a limitation of scope due to a concern that the deposition will relate to the many other claims Plaintiff has brought against her rather than to the present litigation. (ECF No. 82).

## II.    ANALYSIS

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Thus, a 56(d) motion must be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244 (4th Cir.2002); *McCray v. Maryland Dept. of Transp.*, 741 F.3d 480, 483-84 (4th Cir. 2014). As Plaintiff points out, granting 56(d) motions are "broadly favored and should be liberally granted" in order to protect non-moving parties from premature summary judgment motions. *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.,* 721 F.3d 264, 281 (4th Cir.2013) (*quoting Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir.2010)).

Plaintiff explains in his 56(d) affidavit that a deposition is necessary to allow his summary judgment response as it will relate to (1) the truth and completeness of Defendant's statements, (2) probable cause, or the lack thereof, (3) malice and improper motive, and (4) credibility. (ECF No. 81-1). Considering the parties' positions and the long history of a contentious litigation, the Court agrees that Plaintiff has not had opportunity to discovery such stated reasons and should have time to take Defendant's deposition. *McCray,* 741 F.3d at 483-84. It is also well-taken that the scope

of the present claim is quite narrow, as evidenced by Plaintiff's stated reasons set forth in his 56(d) affidavit and Defendant's five-page affidavit. Moreover, the Court understands the concern that a seven-hour deposition in this narrow case could result in questioning that relates to the other six active litigations, all of which have arisen from the same circuit court family law matter. Thus, under Rule 30(d)(1), the Court finds good cause to permit a five-hour, remote deposition, which will fairly provide the time needed to depose Defendant for the purposes set forth in Plaintiff's Rule 56(d) affidavit.[1] *See* Fed. R. Civ. P. 30(d)(1).

### III. CONCLUSION

Accordingly, it is hereby ORDERED that:

(1) Defendant shall appear over Zoom or a similar virtual platform for a deposition on one of the following three dates: February 17, 2026, February 20, 2026, or February 27, 2026;

(2) Plaintiff shall be entitled to five (5) hours of deposition time;

(3) The deposition shall be limited in scope to the reasons set forth in Plaintiff's 56(d) affidavit (ECF No. 81-1) and Defendant's 5-page affidavit;

(4) To the extent an issue arises as to whether a question is within that scope, the parties should place their respective arguments on the record rather than by contacting the Court during the deposition;

(5) Plaintiff's Response in Opposition shall be due thirty (30) days from the date of the deposition to ensure adequate time to obtain the deposition transcript and prepare a responsive brief;

(6) Defendant's Reply, if any, shall be due fourteen (14) days thereafter; and

---

[1] Notably, Plaintiff himself has been asked to be excused from in-person discovery and hearings prior to trial, a request the Court granted previously. (ECF No. 77).

(7) Plaintiff's Motion is GRANTED such that the Court shall defer ruling on the pending motion for summary judgment based on the briefing schedule specified above.

(8) The parties are further reminded of their obligations under Fed. R. Civ. P. 30(d)(2) and 30(d)(3).

(9) Plaintiff's Motion (ECF No. 83) is otherwise DENIED.

SO ORDERED.

Dated: February 10, 2026                              /s/
                                              J. Mark Coulson
                                              United States Magistrate Judge